### EQUAL EMPLOYMENT OPPORTUNITY COMMISSION (EEOC), Plaintiff,

v.

### MONTROSE MEMORIAL HOSPITAL, Defendant.

### Civil Action No. 16–CV–2277–WYD–GPG

United States District Court, D. Colorado.

Signed 09/04/2017

Iris Halpern, Lauren · Golden Jaeckel, U.S. Equal Employment · Opportunity Commission–Denver, Denver, CO, Loretta F. Medina, · U.S. Equal Employment Opportunity Commission–Albuquerque, Albuquerque, NM, for Plaintiff.

· · Aaron J. Brooks, John Alford Brooks, Brooks & Brooks, LLC, Montrose, CO, Alan D. Avery, David H. Yun, Jared Richard Ellis, Jaudon & Avery, LLP, Denver, CO, for Defendant.

## ORDER REGARDING THE EEOC'S MOTION FOR AN ORDER VOIDING SETTLEMENT AGREEMENT PROVISION

Gordon P. Gallagher, United States Magistrate Judge

· This matter comes before the Court on the EEOC's motion for an order voiding settlement agreement provisions (ECF # 40)[1] (which was referred to this Magistrate Judge (ECF # 41)),[2] Defendant's re-

---

1. "(ECF # 40)" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

2. Any party may object to this non-dispositive Order within fourteen (14) days. Fed.R.Civ.P. 72(a).

sponse (ECF # 65), and the EEOC's reply (ECF # 67). The Court has reviewed each of the aforementioned documents and any attachments. The Court has also considered the entire case file, the applicable law, and is sufficiently advised in the premises. Oral argument is not necessary to resolve this discrete issue. For the following reasons, I GRANT the motion in-part and DENY the motion in-part as set forth below.

The EEOC instigated this action against Defendant alleging violations of the Age Discrimination in Employment Act (ADEA) for discharge/constructive discharge of one or more nurses over the age of forty (40) (ECF # 1, p. 40). During the course of discovery, the separation agreement (ECF # 41, filed under level 1 restriction),[3] which is the focus of the instant motion, was discovered. Essentially, the EEOC determined during the process of seeking aggrieved individuals, that one alleged aggrieved individual entered into the attached agreement and that perhaps five to six additional individuals did so as well (ECF # 40, p. 2). The EEOC now moves for the following:

1. A declaration that the following paragraphs are void as against public policy: 6, 9, 10, 12, and 13–16 (ECF # 40, p. 1);

2. An Order that "any individuals who signed agreements containing these provisions or similar provisions should be entitled to file charges with the EEOC or other agencies notwithstanding the fact that these charges may no longer be timely" *Id.* at p. 6;

3. "[Defendant] should also notify everyone who signed [the] settlement agreement or similar agreements of the . . . order" *Id.* at p. 15;

4. "[A]ny person subject to [the] agreement should be provided 300 days from the date of receipt of the notification to file a charge of discrimination with the EEOC notwithstanding that the charges may be untimely" *Id.*; and

5. "[T]he Court should order that these settlement agreements have no effect on the rights of aggrieved individuals to participate in [the] lawsuit, to cooperate with [the] EEOC's prosecution of [the] lawsuit and do not bar any relief otherwise available to aggrieved individuals in [the] suit." *Id.*

Defendant does not oppose the relief sought above as to striking certain paragraphs *in toto*. Based on that lack of opposition, the Court Orders that the following paragraphs are void and are struck: 13, 14, and 16:

13. ~~*Remedies for Breach.* If Boston breaches any portion of this Agreement, or disavows any portion of the Release, Boston shall forfeit any payments or benefits whatsoever under this Agreement and she acknowledges and agrees that in addition to any damages, Boston will be obligated, to the maximum extent permitted by law, to reimburse MMH for all amounts paid to Boston pursuant to this Agreement, and she shall be liable for all expenses, including costs and reasonable attorney's fees, incurred by any party released in defending the lawsuit or claim, regardless of the outcome. Boston also hereby agrees and acknowledges that if she breaches this Agreement, because it would be impractical and excessively difficult to determine the actual damages to MMH as a result of such breach, any remedies at law would be inadequate. Therefore, Boston agrees that if she breaches this Agree-~~

---

**3.** The specific identifying information, e.g., the subjects name, has been removed and replaced with "subject."

ment, MMH shall have the right (in addition to, and not in lieu of, any other right or remedy available to it) to a temporary and permanent injunctive relief from a court of competent jurisdiction, without posting any bond or other security and without proof of actual damage.

14. *Confidentiality.* Boston represents and agrees that she will keep the fact and amount stated herein, the terms and content of this Agreement, and any disputes or perceived claims relating to her employment, and that she will not hereafter disclose any information regarding such matters to anyone, other than her spouse, attorney, accountant and tax preparer. MMH also agrees to safeguard as confidential this Agreement and its terms, and will not disclose such matters to anyone outside of the MMH organization except its legal counsel, the MMHI Board of Directors, its financial advisors or as otherwise necessary to effectuate its legitimate business purposes.

16. *No Attorneys' Fees or Costs.* Boston acknowledges and agrees that MMH shall not be required to pay Boston's attorneys' fees or any costs of any kind incurred in connection with this Agreement, employment and separation therefrom.

In addition, the EEOC accepts the revisions suggested by Defendant as to paragraphs 9, 10 and 12. *See* the EEOC's reply (ECF # 67, p. 2). Based on that lack of opposition and the agreement to the remedy proposed, the Court Orders that the language struck through in paragraphs 9, 10 and 12 is in-fact void and is struck as set forth below:

9. *Releases, Representations and Covenants.* In consideration of the compensation and benefits provided pursuant to this Agreement, the sufficiency of which is hereby acknowledged, subject, for herself, her heirs and assigns, and any other person who may claim by and through or under her, irrevocably (except with respect to Paragraph 20 below) and unconditionally releases, waives and forever discharges MMH and its past, present, future or related affiliates, divisions, officers, directors, attorneys, agents, employees, insurers, predecessors, and successors from any and all claims or causes of action that subject had, has or may have, known or unknown, relating to subject's employment with and/or separation from MMH up until the date of this Agreement, including but limited to, any claims arising under Title VII of the Civil Rights Act of 1964, as amended, the Family and Medical Leave Act, the Age Discrimination in Employment Act, as amended by the Older Workers Benefit Protection Act of 1990, the Americans with Disabilities Act, the Employee Retirement Income Security Act, the Equal Pay Act, Colorado Civil Rights Act; claims under any other federal, state or local statute, regulation or ordinance; claims for discrimination or harassment of any kind, breach of contract or public policy, promissory estoppel, wrongful or retaliatory discharge, defamation or other personal or business injury of any kind; claims of representation, misrepresentation, or negligent representations, and any and all other claims to any form of legal or equitable relief, damages, compensation or benefits, or for attorneys' fees or costs. Subject additionally waives and releases any right she may have to recover in any lawsuit or proceeding against MMH brought by subject, an administrative agency, or any other person on subject's behalf or which includes subject in any class.

10. *No Pending Claims or Filings/Withdrawal of Claims.* Subject represents and warrants that, as of the date

subject signs this Agreement, she has no lawsuits, claims, charges or complaints of any kind filed or pending against MMH or any of its past, present and future divisions, affiliates, successors, or their respective officers, directors, attorneys, agents and employees that would fall within the scope of the Release set forth in Paragraph 9 above. ~~To the extent subject has such pending or filed lawsuits, claims, charges or complaints as of the date subject signs this Agreement, she agrees to seek and obtain immediate dismissal with prejudice and provide written confirmation immediately (that is, court order and/or agency determination) as a condition precedent to the obligations of MMH under this Agreement on or after the date subject signs this Agreement (including, but not limited to, providing any compensation under this Agreement).~~

12. *Covenant Not to Sue.* To the maximum extent permitted by law, subject agrees not to sue, institute or cause to be instituted any actions or lawsuits, ~~or otherwise assert or attempt to assert any claim in any federal, state, or local agency or court~~ against MMH, ~~including, but not limited to, administrative claims of any sort with respect to any matter relating in any way to her employment with or separation from MMH~~, including, but not limited to, any claim for employee benefits of any type; nor is subject aware of any grounds that provide, or could provide, the basis for any such actions; ~~and further,~~ subject ~~shall not authorize the bringing of any such action on her behalf by any person, agency, organization or other entity.~~

Based on Defendant's agreement to strike some paragraphs *in toto* and others partially, the following remaining items need to be considered: (1) what portion, if any, of the remaining paragraphs (6 and 15) should be struck as unenforceable; and (2) which of the other relief sought by the EEOC is appropriate to Order.

■ It is axiomatic that parties to a contract "may agree on whatever terms they see fit so long as such terms do not violate statutory prohibitions or public policy." *Gates Corp. v. Bando Chemical Industries, Ltd.*, 4 Fed.Appx. 676, 686 (10th Cir. 2001) (not selected for publication) (internal citation removed). However, courts may void contract provisions if justice so mandates and courts have substantial discretion to "craft their orders to serve the interests of justice." *Olcott v. Delaware Flood, Co.*, 76 F.3d 1538, 1555 (10th Cir. 1996).

■ Confidentiality is often of significant concern to the parties involved in a settlement. The issue becomes whether some countervailing concern, particularly a public policy, overrides the interest in enforcing the confidentiality of the settlement agreement. "[A] promise is unenforceable if the interest in its enforcement is outweighed in the circumstances by a public policy harmed by the enforcement of the agreement." *Town of Newton v. Rumery*, 480 U.S. 386, 392, 107 S.Ct. 1187, 94 L.Ed.2d 405 (1987). Of course, the inherent difficulty "arises in determining whether a given contract comes within this rule." *Russell v. Courier Printing and Publ'g Co.*, 43 Colo. 321, 95 P. 936, 938 (1908).

A hybrid approach, short of finding the entirety of an agreement unenforceable, is to protect the terms of a settlement but strike the offending passage. *E.E.O.C. v. Astra U.S.A., Inc.* 94 F.3d 738 (1st Cir. 1996) (providing relief from the non-assistance provisions of settlement agreements); *E.E.O.C. v. Cosmair, Inc., L'Oreal Hair Care Div.*, 821 F.2d 1085, 1090 ("We hold that an employer and an employee cannot agree to deny the EEOC the information it needs to advance this public interest. A waiver of the right to file a charge is void as against public policy.").

*But see Cooper Tire & Rubber Ci. v. Farese*, 423 F.3d 446, 456–58 (5th Cir. 2005) (holding that the mere fact that a non-disparagement clause could conceivably be used to hide illegality did not render it void as illegal or contrary to public policy).

The remaining paragraphs:

6. *No Disparagement/Employment Reference.* The Parties agree that they will not make disparaging remarks about each other. If MMH is contacted by a prospective employer of subject, MMH will verify employment pursuant to MMH policy, as may be amended. No breach of this provision or this Agreement shall be attributed to MMH resulting from the fact that any prospective employer of subject has elected not to hire or otherwise engage her services.

■ The non-disparagement agreement contained within paragraph 6 is not vague, is not overly broad, and, in light of the remainder of the relief Ordered herein, need not be struck. While the Court is cognizant that the word disparagement can be defined broadly, *see* reply of the EEOC (ECF # 67, pp.6–7) (essentially arguing that because of lack of any limitations on the clause "it predictably chills lawful activity"), there is nothing to indicate that it has been so defined in this context. The sole example provided within the clause addressing future employment, would seem to narrow the scope of the agreement. Additionally, the clause does not define disparagement in terms of legal action, which would then likely cause the Court to view the clause differently. For those reasons, I deny the EEOC's motion to strike clause 6.

15. *Notices.* All notices, requests, demands and other communication regarding this Agreement shall be in writing and delivered in person or sent by registered or certified mail, postage prepaid, return receipt requested, and properly addressed as follows:

To MMH: Montrose Memorial Hospital, Inc., d/b/a

Montrose Memorial Hospital

c/o Steven Hannah, CEO

800 South Third Street

Montrose, CO 81401

To Employee: subject

■ The EEOC argues that the notice provision cited above, particularly when read in tandem with the language already struck in paragraph 14 "might precipitate a chilling effect on claimants in violation of public policy." *See*, The E.E.O.C.'s reply, ECF # 67, p. 4 (citing in turn *E.E.O.C. v. Morgan Stanley & Co., Inc.*, 2002 WL 31108179 at *1–2, 2002 U.S. Dist. LEXIS 17484 at *4–5 (S.D.N.Y. Sept. 20, 2002). The Court agrees that it could have that effect, and in tandem with struck paragraphs (which is how the signatories would read the language in the absence of some direction to the contrary) could at least be susceptible to more than one interpretation making it at least amendable to modification. *See E.E.O.C. v. Int'l Profit Assocs.*, 2003 U.S. Dist. LEXIS 6761 at *5–6 (D. Colo. April 21, 2003). Rather than strike the provision, which has a clear utilitarian necessity, the proper remedy is the addition to paragraph 15 of the following language:

15. *Notices.* **THERE SHALL BE NO NOTICE REQUIREMENT AS TO ANY INVOLVEMENT OR COMMUNICATION WITH ANY STATE, FEDERAL OR LOCAL GOVERNMENT AGENCY, LAW ENFORCEMENT, OR ANY COURT.** All notices, requests, demands and other communication regarding this Agreement shall be in writing and delivered in person or sent by registered or certified mail, postage prepaid, return receipt requested, and properly addressed as follows:

The language of paragraph 15 is to be cured, by way of placement at the beginning of the paragraph in **BOLD**, all capitalized text of no less than 12 point font the language set forth above.

The E.E.O.C.'s remaining requests for relief:

As set forth above, the E.E.O.C. moves for additional relief which can be summarized as: (1) allowing past signatories to like agreements to file charges with the EEOC; (2) notification to signatories; (3) extending the time period for filing a charge of discrimination with the EEOC; and (4) entering a specific order as to rights of aggrieved individuals.

While many of these requests logically flow from the Court's finding that multiple paragraphs of the agreement were void as against public policy and thus needed to be struck, blanket Orders as requested by the EEOC are not yet appropriate in this instance. The Court intends to resolve this in a measured and incremental fashion as set forth below. I keep in mind that it is not currently known how many individuals previously entered into such a settlement agreement or whether they wish to have any involvement in this or a similar proceeding.

It is therefore Ordered that the motion is GRANTED in that paragraphs 13, 14 and 16 are struck *in toto*.

It is further Ordered that the motion is GRANTED in that paragraphs 9, 10 and 12 are modified to strike specific language as set forth above.

It is further Ordered that the motion is DENIED as to paragraph 6.

It is further Ordered that the motion is GRANTED, in-part, as to paragraph 15 to add language in the exact fashion set forth above.

It is further ORDERED that Defendant (Montrose Memorial) shall draft and file in CM/ECF a modified draft settlement agreement reflecting each of the changes set forth above within fourteen (14) days.

It is further ORDERED that Defendant (Montrose Memorial) shall file in CM/ECF, under level 1 restriction, a list of all individuals who have entered into such a settlement agreement, or one that is substantially similar, within the past ten (10) years. Defendant (Montrose Memorial) shall file a brief memorandum with fourteen (14) days indicating a proposed time frame for filing the list of individuals who have entered into such a settlement agreement within the ten (10) years (keeping in mind that some significant research may be required to generate the list).

It is the Court's intent that the individuals who have entered into such settlement agreements shall be provided with the modified agreement, a notification that the modified agreement applies equally to them, and that they may participate in this lawsuit (which would necessarily include cooperation with the EEOC), and that they have an ability to seek any relief otherwise available to aggrieved individuals in the suit.

Therefore, it is further ORDERED, that within fourteen (14) days, the EEOC shall draft and file in CM/ECF a proposed letter to potential prior signators to the settlement agreements. This will be a cover letter reflective of the Court's above stated intent. The EEOC's motion is GRANTED with regard to notification. However, such notification is NOT to be sent until further ORDER of this Court.

It is further ORDERED that the EEOC's motion requesting a 300 day extension to file a notice of discrimination is DENIED at this time as not yet ripe with leave to refile at a later time as appropriate.